IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TIFFANY (NJ), LLC,  
a Delaware limited liability company,

        Plaintiff,

vs.

LIU DONGPING  
and DOES 1-10,

        Defendants.
_____/

CASE NO.

**COMPLAINT FOR TRADEMARK COUNTERFEITING
AND INFRINGEMENT; FALSE DESIGNATION OF ORIGIN;
CYBERPIRACY; AND COPYRIGHT INFRINGEMENT**

Plaintiff, Tiffany (NJ), LLC, a Delaware limited liability company ("Tiffany") hereby sues Defendants Liu Dongping ("Dongping") and Does 1-10 (collectively the "Defendants"), individually and jointly, doing business and conspiring to do business as the domain names identified on Schedule "A" hereto (the "Subject Domain Names") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121, 1125(a) and 1125(d), and (ii) 17 U.S.C. §101 *et seq*. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391(b) and (d), since the Defendants are, upon information and belief, aliens whom conduct substantial infringing activities and cause harm within this District. The Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers within this District through at least the fully interactive, commercial Internet websites operating under the Subject Domain Names.

## THE PLAINTIFF

2.      Tiffany is a Delaware limited liability company, with its principal place of business in the United States located at 15 Sylvan Way, Parsippany, NJ 07054.  Tiffany has been engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality luxury goods under multiple world famous common law and Federally registered trademarks and designs protected by United States Copyright Registrations including those identified in Paragraph 9 below.  Tiffany regularly enforces its intellectual property rights and authorized that this action be brought in its name.

## THE DEFENDANTS

3.      Defendant Dongping is an individual who, upon information and belief, resides in the People's Republic of China, and who conducts business throughout the United States, including within this Judicial District through the operation of various fully interactive commercial websites operating under at least the Subject Domain Names.  Defendants Does 1-10 are individuals and/or business entities, who, upon information and belief conduct business within this jurisdiction through the operation of various fully interactive, commercial websites operating under at least the Subject Domain Names.  Tiffany is presently unaware of the true names of Does 1-10 and will amend this Complaint upon discovery of the identities of such fictitious Defendants.

4.      The Defendants are the moving and conscious force behind the operation of various fully interactive, commercial websites operating under at least the Subject Domain Names. The Defendants are, upon information and belief, the Registrants, Administrative Contacts, Technical Contacts, and/or Billing Contacts for the Subject Domains Names.

5.     The Defendants are, upon information and belief, individuals and/or business entities which direct their business activities toward and conduct business with consumers within this District.  The Defendants are directly and personally contributing to, inducing and engaging in the advertisement, offering for sale, promotion and sale of goods using infringing and counterfeit marks as alleged herein as partners and co-conspirators.

6.     Upon information and belief, the Defendants are directly engaging in the promotion and sale of goods using infringements and counterfeits of the Tiffany Marks within this District as alleged herein.  Moreover, upon information and belief, the Defendants have conspired with each other to jointly engage in the promotion, offering for sale and sale of goods using infringements and counterfeits of the Tiffany Marks within this Judicial District through at least the fully interactive, commercial Internet based website businesses operating under the Subject Domain Names.  The Defendants, upon information and belief, also operate additional websites which promote and offer for sale goods under infringements and counterfeits of the Tiffany Marks under domain names not yet known to Tiffany.  The Defendants' entire Internet based website businesses amount to nothing more than a massive illegal operation, infringing on the intellectual property rights of Tiffany and others.

7.     The Defendants have registered, administered, established and/or maintained the Subject Domain Names and others for the sole purpose of engaging in illegal counterfeiting activities and assisting others to do the same.  Upon information and belief, the Defendants have used false or misleading information for the registration of the Subject Domain Names.

8.     The Defendants' known and unknown domain names are essential components of the Defendants' counterfeiting and infringing activities.  The Subject Domain Names themselves, and any other domain names under which the Defendants operate and/or maintain

websites promoting and offering for sale counterfeit and infringing Tiffany branded goods, are the means by which the Defendants further their counterfeiting scheme and cause harm to Tiffany.  The Defendants are wrongfully using counterfeits and infringements of the Tiffany Marks to promote and attract customers to their website businesses.  In short, counterfeits of the Tiffany Marks are being used by the Defendants to increase traffic to their illegal businesses which offer consumers a variety of counterfeit branded goods, including Tiffany branded goods.

## COMMON FACTUAL ALLEGATIONS

9. Tiffany is the owner and/or exclusive licensee of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Registration Number | Registration Date |
|---|---|---|
| *TIFFANY & CO* (stylized) | 0,023,573 | September 5, 1893 |
| *TIFFANY* (stylized) | 0,133,063 | July 6, 1920 |
| TIFFANY & CO. | 1,228,189 | February 22, 1983 |
| TIFFANY | 1,228,409 | February 22, 1983 |
| TIFFANY & CO. | 1,283,306 | June 26, 1984 |
| *Paloma Picasso* (signature) | 1,460,510 | October 13, 1987 |
| ATLAS | 1,605,467 | July 10, 1990 |
| T & CO. | 1,669,365 | December 24, 1991 |
| PERETTI | 1,787,861 | August 17, 1993 |
| ELSA PERETTI | 1,799,272 | October 19, 1993 |
| (design mark) | 1,785,204 | August 3, 1993 |

| Mark | Registration Number | Registration Date |
|---|---|---|
| [bean design] | 1,804,353 | November 16, 1993 |
| [Paloma Picasso signature] | 1,807,381 | November 30, 1993 |
| TIFFANY & CO. | 1,968,614 | April 16, 1996 |
| [bow design] | 2,184,128 | August 25, 1998 |
| [cube design] | 2,359,351 | June 20, 2000 |
| TIFFANY | 2,639,539 | October 22, 2002 |
| STREAMERICA | 2,677,403 | January 21, 2003 |
| ATLAS | 2,886,655 | September 21, 2004 |

(collectively the "Tiffany Marks") which are registered in International Class 14, and are used in connection with the manufacture and distribution of, among other things, high quality jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings. Additionally, Tiffany is the owner and/or exclusive licensee of all rights in and to the following United States Copyright Registrations:

| Copyright Title | Registration Number | Registration Date |
|---|---|---|
| "Star" Earrings and Pendant | VA 156-781 | March 16, 1984 |
| Paloma's Kiss Earrings | VAu 127-656 | March 15, 1988 |
| Apple pendants | VA 515-041 | June 8, 1992 |
| Loving heart ring | VA 519-157 | August 3, 1992 |
| Large P-P heart pendant | VA 596-557 | August 3, 1992 |
| Double Loving Heart | VA 1-189-959 | July 16, 2002 |

5

(collectively the "Tiffany Copyrights") for works in which Tiffany's copyrighted designs appear. Tiffany's ownership and registration of Tiffany's copyrighted works precede the Defendants' infringement as alleged herein.

10. The Tiffany Marks and the works protected by the Tiffany Copyrights have been used in interstate commerce to identify and distinguish Tiffany's high quality jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings and other goods for an extended period of time.  Neither the Tiffany Marks nor the works protected by the Tiffany Copyrights have ever been assigned or licensed to any of the Defendants in this matter.

11. The Tiffany Marks are symbols of Tiffany's quality, reputation and goodwill and have never been abandoned.

12. Further, Tiffany has expended substantial time, money and other resources developing, advertising and otherwise promoting the Tiffany Marks.  The Tiffany Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

13. Tiffany has extensively used, advertised and promoted the Tiffany Marks in the United States in association with the sale of high quality jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings and has carefully monitored and policed the use of the Tiffany Marks.

14. As a result of Tiffany's efforts, members of the consuming public readily identify merchandise bearing or sold under the Tiffany Marks, as being high quality merchandise sponsored and approved by Tiffany.

15. Accordingly, the Tiffany Marks have achieved secondary meaning as identifiers of high quality jewelry, including bracelets, necklaces, pendants, earrings and rings, watches,

cufflinks, money clips, and key rings as a result of Tiffany's advertisement, promotion and sale of high quality goods thereunder. Specifically, for many years Tiffany has advertised goods under the Tiffany Marks in widely circulated newspapers such as *Women's Wear Daily*, and popular magazines such as *Harper's Bazaar* and *Vogue*.

16. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Tiffany's ownership of the Tiffany Marks and the works protected by the Tiffany Copyrights, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

17. Tiffany has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale at least jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings bearing counterfeit and infringing trademarks which are exact copies of the Tiffany Marks and designs which are exact copies of the works protected by the Tiffany Copyrights (the "Defendants' Goods"). Specifically, upon information and belief, the Defendants are using the Tiffany Marks and copyrighted works in the same stylized fashion, for different quality goods.

18. Upon information and belief, the Defendants' Goods are of a quality substantially different than that of Tiffany's genuine goods. Despite the nature of the Defendants' Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their goods with the knowledge that such goods will be mistaken for the genuine high quality goods offered for sale by Tiffany. The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Goods are genuine goods originating from, associated with, and approved by Tiffany.

19.     The Defendants advertise their goods for sale to the consuming public via at least the websites operating under the Subject Domain Names.  In so advertising these products, The Defendants use the Tiffany Marks and reproductions of the works protected by the Tiffany Copyrights.  Indeed, the Defendants herein have misappropriated Tiffany's advertising ideas and entire style of doing business with regard to the advertisement and sale of Tiffany's genuine goods.  Upon information and belief, the misappropriation of Tiffany's advertising ideas in the form of the Tiffany Marks and copyrighted works has occurred, in part, in the course of the Defendants' advertising activities and has been the proximate cause of damage to Tiffany.

20.     Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities and causing harm at least within this Judicial District and elsewhere throughout the United States.  As a result, the Defendants are defrauding Tiffany and the consuming public for the Defendants' own benefit.  The Defendants' infringement and disparagement of Tiffany and its trademarks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

21.     The Defendants' use of the Tiffany Marks and copyrighted works, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their goods, is without Tiffany's consent or authorization.

22.     Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Tiffany's rights for the purpose of trading on the goodwill and reputation of Tiffany.  If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be damaged.

23. The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Tiffany's genuine goods and the Defendants' Goods.

24. Tiffany has no adequate remedy at law.

25. Tiffany is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

26. The injuries and damages sustained by Tiffany have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their goods.

27. Tiffany has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

28. Tiffany hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

29. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of their goods bearing the Tiffany Marks.

30. Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing at least jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings bearing counterfeits and infringements of one or more of the Tiffany Marks. The Defendants are continuously infringing

and inducing others to infringe the Tiffany Marks by using them to advertise, promote and sell jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings bearing the Tiffany Marks.

31. The Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Goods bearing the Tiffany Marks.

32. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Tiffany.

33. The Defendants' above-described illegal actions constitute counterfeiting and infringement of the Tiffany Marks in violation of Tiffany's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Tiffany has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

35. Tiffany hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

36. The Defendants' Goods bearing and sold under the Tiffany Marks have been widely advertised and distributed throughout the United States.

37. The Defendants' Goods bearing and sold under the Tiffany Marks are virtually identical in appearance to Tiffany's genuine goods. However, the Defendants' Goods are different and likely inferior in quality. Accordingly, the Defendants' activities are likely to cause

confusion in the trade and among the general public as to at least the origin or sponsorship of their Goods.

38. The Defendants, upon information and belief, have used in connection with their sale of their goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Tiffany.

39. Specifically, the Defendants have authorized an infringing use of the Tiffany Marks, in the Defendants' advertisement and promotion of their jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings. The Defendants have misrepresented to members of the consuming public that their Goods being advertised and sold by them are genuine, non-infringing goods.

40. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

41. Tiffany has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Tiffany will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT III - CLAIM FOR RELIEF FOR CYBERPIRACY UNDER §43(d) OF THE LANHAM ACTION, 15 U.S.C. §1125(d)

42. Tiffany hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

43. At all times relevant hereto, Tiffany has been and still is the owner of the rights, title and interest in and to the Tiffany Marks.

44. Upon information and belief, the Defendants have acted with the bad faith intent to profit from the Tiffany Marks and the goodwill associated with the Tiffany Marks by registering domain names, including at least besttifany.com, joytiffany.com, myetiffany.com, tiffany4sale.org, tiffanybetter.com, tiffanyjewellerybuy.com, tiffanylike.com, and tiffanywooer.com which are identical, confusingly similar to or dilutive of at least one of the Tiffany Marks.

45. The Defendants have no intellectual property rights in or to the Tiffany Marks.

46. The Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

47. The Defendants' conduct is done with knowledge and constitutes a willful violation of Tiffany's rights in the Marks. At a minimum, the Defendants' conduct is in reckless disregard of Tiffany's rights or demonstrates willful blindness to Tiffany's rights.

48. The aforesaid conduct is causing Tiffany immediate and irreparable injury. Tiffany has no adequate remedy at law.

## COUNT IV – COPYRIGHT INFRINGEMENT

49. Tiffany hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

50. This is an action for copyright infringement against the Defendants.

51. The Defendants are continuously, directly and contributorily, infringing and will continue to infringe the works protected by the Tiffany Copyrights at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of Tiffany's copyrighted works in violation of 17 U.S.C. § 501.

52. The Defendants are knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

53. As a result of the Defendants' above-described actions, Tiffany has sustained irreparable injury and damage and the Defendants have earned substantial profits.

## PRAYER FOR RELIEF

54. WHEREFORE, Tiffany demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against the Defendants as follows:

   a. Entry of preliminary and permanent injunctions enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their goods; from infringing, counterfeiting, or diluting the Tiffany Marks and/or the works protected by the Tiffany Copyrights; from using the Tiffany Marks, or any mark or trade dress similar thereto and the works protected by the Tiffany Copyrights, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Tiffany; from falsely representing themselves as being connected with Tiffany, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with Tiffany; from using any reproduction, counterfeit, copy, or colorable imitation of the Tiffany Marks or the works protected by the Tiffany Copyrights in connection with the publicity, promotion, sale, or

advertising of any goods sold by the Defendants, including, without limitation, jewelry, including bracelets, necklaces, pendants, earrings and rings, watches, cufflinks, money clips, and key rings; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' Goods as being those of Tiffany, or in any way endorsed by Tiffany and from offering such goods in commerce; and from otherwise unfairly competing with Tiffany.

    b.  Entry of an order requiring the Subject Domain Names, and any other domain names being used by the Defendants to engage in the business of selling counterfeit and infringing Tiffany branded goods, to be ordered disabled and/or immediately transferred by the Defendants, their Registrars and/or the Registries to Tiffany's control.

    c.  Entry of an order that the Registrars and/or Registries for the Subject Domain Names set the Subject Domain Names to resolve or automatically redirect to a publication website created by Tiffany whereon a copy of the Summons, Complaint, and all subsequent pleadings, documents and orders issued in this action will be displayed, and thereafter place the Subject Domain Names on Lock status, preventing the modification or deletion of the domains by the registrars and/or registries or the defendants.

    d.  Entry of an Order that, upon Tiffany's request, the top level domain (TLD) Registries for the Subject Domain Names place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP address where the associated websites are hosted.

    e.  Entry of an Order requiring the Defendants to account to and pay Tiffany for all profits and damages resulting from the Defendants' trademark infringing and counterfeiting activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C.

14

§1117, or, at Tiffany's election with respect to Count I, that Tiffany be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit Tiffany Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    f. Entry of an Order requiring the Defendants to account to and pay Tiffany for all profits and damages resulting from the Defendants' cyberpiracy activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C. §1117, or, at Tiffany's election with respect to Count III, that Tiffany be awarded statutory damages from the Defendants in the amount of one hundred thousand dollars ($100,000.00) per pirated domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

    g. Entry an Order requiring the Defendants to pay Tiffany for all damages sustained by Tiffany in consequence of the Defendants' copyright infringement described above together with appropriate interest thereon; the Defendants be required to account to Tiffany for, and disgorge to Tiffany, and to pay to Tiffany, all the gains, profits, savings and advantages realized by the Defendants from their acts of copyright infringement described above; Tiffany be awarded, at its election with respect to Count IV, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of the Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

    h. Entry of an award of corrective advertising damages.

    i. Entry of an award of Tiffany's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

    j.  Entry of an award of pre-judgment interest on the judgment amount.

    k.  Entry of an Order for any further relief as the Court may deem just and proper.

Dated: July 14, 2010       STEPHEN M. GAFFIGAN, P.A.

            By: _____s:/smgaffigan/_____
             Stephen M. Gaffigan (Fla. Bar No. 025844)
             Virgilio Gigante (Fla. Bar No. 082635)
             401 East Las Olas Blvd., #130-453
             Ft. Lauderdale, Florida 33301
             Telephone: (954) 767-4819
             Facsimile: (954) 767-4821
             E-mail: stephen@smgpa.net
             E-mail: leo@smgpa.net

            Attorneys for Plaintiff Tiffany (NJ), LLC

**SCHEDULE "A"**
**SUBJECT DOMAIN NAMES**

aheadtrade.com
besttifany.com
joytiffany.com
kissbrand.com
linksfromlondon.com
myetiffany.com
silverheight.com
silversilvers.com
sliveronline.com
tiffany4sale.org
tiffanybetter.com
tiffanyjewellerybuy.com
tiffanylike.com
tiffanywooer.com
tobling.com
toobling.com
toopeshop.com
victoriaclassic.com